Arthur S. CURTIS, Appellant,

v.

Anthony FABIANICH, Appellee.

No. 3451.

District of Columbia Court of Appeals.

Submitted March 30, 1964.

Decided May 14, 1964.

Rehearing Denied May 28, 1964.

---

---

Arthur S. Curtis, Washington, D. C., pro se.

John W. Brennan, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant, an attorney, brought suit for professional services rendered appellee. At the close of all the evidence the trial court found that appellant had failed to prove, by a preponderance of the evidence, either an express contract for compensation or circumstances warranting recovery in quantum meruit. This appeal followed.

The disputed claim involved a motion for a new trial which appellant agreed to prepare in a case involving appellee's brother and sister-in-law. Both had been convicted of felonies in the United States District Court for the District of Columbia. While appellee was represented principally by another attorney, Anthony Vecchariello, appellant was retained as a member of the District of Columbia bar.

After work on the motion was completed, appellant refused to sign and file it unless paid for his services. Thereupon appellee wrote a check for $1,500. Appellant held the check for three weeks as an accommodation to appellee and in the interim filed the motion. Thereafter payment of the check was stopped. Appellant then sought leave to withdraw from the case but such leave was denied by the court. The motion came on for hearing and as a preliminary matter, the government questioned Vecchariello's standing as a member of the New York bar. (He was in court and was to conduct the argument on the motion.) Appellant again sought leave to withdraw which was denied by the court, but an unopposed suggestion by the government to withdraw the motion for a new trial was accepted.

On these facts appellant contends that he is entitled to judgment for $1,500 or, alternatively, a reasonable sum for services rendered. To support his second contention he introduced evidence of the work, time and expense involved in preparing the motion.

In this jurisdiction a presumption of invalidity and overreaching attends contracts for compensation executed during the attorney-client relationship when the position of trust is well established and the litigation involved is reaching its culmination. Spilker v. Hankin, 88 U.S.App. D.C. 206, 210, 188 F.2d 35, 39 (1951). The rule is founded in public policy and cannot be thwarted because the client executed a promissory note supposedly reflecting the agreement. In the case at bar this strong presumption of invalidity and overreaching created a factual question as to whether the check for $1,500 represented a fair agreement arrived at in good faith.

The record reveals ample evidence to support the finding in favor of appellee.

█ On the issue of quantum meruit a factual question was also presented as to the reasonable value of appellant's services. Among the factors to be considered in making such a determination were the quality and nature of the services performed, the time required, the skill and standing of counsel, the results obtained, and the client's ability to pay. In view of the work performed, the outcome of the litigation, and the conduct of appellant, we cannot say that the evidence was insufficient to support a finding for appellee.

Affirmed.